Michael A. Siddons
Attorney ID #017592008
The Law Firm of Michael Alan Siddons, Esquire
230 N. Monroe Street
PO Box 403
Media, PA 19063
Tel: 484-614-6546
msiddons@siddonslaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | : | |
|---|---|---|
| KYRA WILLIAMS, | : | |
| Plaintiff, | : | Civil Case No.: 2:21-cv-11611 |
| vs. | : | |
| SPP, INC. and DNF ASSOCIATES, LLC | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, KYRA WILLIAMS ("Plaintiff"), through her attorney, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendants, and SPP, INC. ("SPP") and DNF ASSOCIATES LLC ("DNF"), (collectively "Defendants"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the Township of Clark, Union County, State of New Jersey.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendants are debt collectors as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

10. DNF is a debt buyer based in Getzville, Erie County, State of New York.

11. SPP is a collection agency located in the City of Duluth, Gwinnett County, State of Georgia.

12. Defendants are business entities engaged in the collection of debt within the State of New Jersey.

13. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

15. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

16. During the course of their attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly arising from a credit card with Indigo.

19. The alleged debt owed arises from transactions for personal, family, and household purposes.

20. At all times relevant hereto, DNF owned the alleged debt.

21. At all times relevant hereto, SPP was engaged by DNF to collect the alleged debt from Plaintiff on DNF's behalf.

22. In or around February 2021, SPP sent a collection letter to Plaintiff.

23. The above-mentioned letter demanded that Plaintiff pay the entire balance of the alleged debt immediately.

24. Within the past year of Plaintiff filing this Complaint, SPP began calling and texting

     Plaintiff in an attempt to collect the alleged debt.

25. SPP calls and texts Plaintiff on Plaintiff's cellular telephone number at xxx-xxx-2467, in an attempt to collect the alleged debt.

26. SPP calls and texts Plaintiff from 317-401-8416, which is just one of SPP's telephone numbers.

27. On or about February 26, 2021, SPP's collector sent Plaintiff the following text message: "We have information about package #74003130, we are not able to deliver your package please call 1-888-215-2708 to update. Stop to Stop Notifications."

28. On or about March 5, 2021, SPP's collector sent Plaintiff the following text message: "Second notice about a package we could not deliver reference ID #91980638. Please call us at 1-877-200-4238 too update. Stop to Stop."

29. Plaintiff replied "Stop" to the above-referenced text message.

30. With regard to the above-referenced text messages:

    a. SPP's collectors failed to disclose that they were communicating on behalf of SPP, Inc.; and

    b. SPP's collectors failed to disclose that they were debt collectors and attempting to collect a debt from Plaintiff.

31. Plaintiff felt as though she had no choice but to make a payment to SPP.

32. Within the past year of Plaintiff filing this Complaint, Plaintiff made two (2) payments to SPP in the amount to of $248.00 each.

33. SPP's collectors were working within the scope of their employment when they communicated with Plaintiff.

34. SPP's collectors are or should be familiar with the FDCPA.

35. SPP's collectors know or should know that the FDCPA requires a debt collector to disclose the caller's identity when communicating with a consumer.

36. SPP's collectors know or should know that the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose.

37. The natural consequences of SPP's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

38. The natural consequences of SPP's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

39. The natural consequences of SPP's actions was to cause Plaintiff mental distress.

40. SPP's actions were a calculated attempt to coerce Plaintiff into payment of the alleged debt.

## COUNT I:
## SPP, INC. VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

41. SPP violated the FDCPA based on the following:

    a. SPP violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when SPP's collector(s) coerced Plaintiff into payment of the alleged debt;

    b. SPP violated § 1692d(6) of the FDCPA by placing telephone calls without disclosure of the caller's identity, when SPP sent text messages to Plaintiff and did not disclose the communication is from SPP, Inc.;

    c. SPP violated § 1692e of the FDCPA by its use of any false, deceptive, or

misleading representation or means in connection with the collection of any debt when SPP engaged in, at least, the following discrete violations of § 1692e;

    d. SPP violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when SPP falsely represented it attempted to deliver a package to Plaintiff in an effort to coerce Plaintiff into calling SPP;

    e. SPP violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when SPP's collectors communicated with Plaintiff and did not disclose the communication is from a debt collector attempting to collect a debt;

    f. SPP violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when SPP engaged in all of the misconduct alleged herein; and

    g. SPP violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when SPP demanded immediate payment of the alleged debt in its letter to Plaintiff.

42. SPP's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

43. As a result of the foregoing violations of the FDCPA, SPP is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, KYRA WILLIAMS, respectfully requests judgment be entered against Defendant, SPP, INC, for the following:

44. Actual damage of $496.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

45. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

46. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

47. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DNF ASSOCIATES, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff repeats and re-alleges paragraphs one (1) through forty (40) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

49. As alleged above, DNF is a debt collector as defined by the FDCPA.

50. DNF engaged the services of fellow debt collector SPP to collect the alleged debt from Plaintiff.

51. DNF has the burden to monitor the activities of SPP.

52. SPP violated the FDCPA.

53. DNF is vicariously liable for the unlawful collection activities carried out by SPP on its behalf.

WHEREFORE, Plaintiff, KYRA WILLIAMS, respectfully requests judgment be entered against Defendant, DNF ASSOCIATES, LLC for the following:

54. Actual damage of $296.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.

§ 1692k;

55. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

56. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

57. Any other relief that this Honorable Court deems appropriate.

                                        RESPECTFULLY SUBMITTED,

May 21, 2021                     By:/s/ Michael A. Siddons_____
                                        Michael A. Siddons
                                        Attorney for Plaintiff